**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
GONZALO GUISBERT                        )
149 Southdown Road                      )
Edgewater, MD 21036                     )
                                        )          Civil Action No.: 19-02838
             Plaintiff,                 )
                                        )
             v.                         )
                                        )
WASHINGTON CONVENTION AND               )          JURY TRIAL DEMANDED
SPORTS AUTHORITY t/a EVENTS DC          )
801 Mount Vernon Place NW               )
Washington, DC 20001                    )
                                        )
             Defendant.                 )
                                        )
_____)

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION
BASED ON AGE AND RACE**

Plaintiff Gonzalo Guisbert (hereinafter Mr. Guisbert) by and through his undersigned

attorneys, files this Complaint for declaratory, injunctive and monetary relief against his former

employer, Washington Convention and Sports Authority t/a Events DC, to seek redress for

Defendant's violations of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §

621 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the

District of Columbia Human Rights Act §§ 2-1401 *et seq.* ("DCHRA").

**JURISDICTION AND VENUE**

1.  Jurisdiction over this matter arises under 28 U.S.C. § 1331 raising federal questions

    involving Title VII and the ADEA.

2. This Court maintains subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. This Court has jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c)(1) which incorporates Title VII 42 U.S.C. § 2000e.

4. This Court maintains supplemental jurisdiction over Plaintiff's claims arising under the laws of the District of Columbia and the DCHRA pursuant to 28 U.S.C. § 1367(a) because the claims are part of the same case or controversy as those arising under Title VII and the ADEA.

5. This Court has jurisdiction over Plaintiff's claims arising under the laws of the District of Columbia and the DCHRA pursuant to D.C. Code § 2-1403.16.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because all of the events and omissions giving rise to Plaintiff's claims occurred or failed to occur in the District of Columbia.

**PARTIES**

7. At all times relevant to this Complaint, Mr. Guisbert, a Hispanic adult male, born September 19, 1957, resident of Maryland, was an employee of Defendant within the meaning of Title VII, 42 U.S.C. § 2000e(f), the ADEA, 29 U.S.C. § 630(f), and the DCHRA, D.C. Code § 2-1401.02.

8. Defendant was Mr. Guisbert's employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), the ADEA 29 U.S.C. § 630(b), and the DCHRA, D.C. Code § 2-1401.02.

9. At all times relevant to this Complaint, Defendant was and is an independent authority of the District of Columbia government and created pursuant to Washington Convention

Center Authority and D.C. Sports and Entertainment Commission Merger Amendment Act of 2009, D.C. Code § 10-1202.02.  At all times relevant to this Complaint, Defendant employed Mr. Guisbert in the District of Columbia, including the Washington Convention Center, located at 801 Mount Vernon Place NW, Washington, D.C. 20001.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted all administrative remedies as required before filing this action.

11. The EEOC issued Mr. Guisbert a Notice of Right to Sue dated June 27, 2019, which he received sometime thereafter.

12. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by Title VII, 42 U.S.C. § 2000e-5.

13. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by the ADEA, 29 U.S.C. §§ 626(d) and (e).

14. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by DCHRA.

15. At the times relevant to this Complaint, there existed work-sharing agreements between the Equal Employment Opportunity Commission ("EEOC") and the District of Columbia Office of Human Rights ("DCOHR") and state and federal law allow filing with one administrative agency to constitute filing with the other for the purposes of ultimately filing suit.

## FACTS

16. Mr. Guisbert was employed by Defendant on or about July 1983 until his employment was terminated on or about September 11, 2018.  He performed his work duties at the Washington Convention Center.

17. In his more than 35 years on the job for Defendant, Mr. Guisbert had never been disciplined in any way.

18. Mr. Guisbert was originally hired as a licensed building engineer, but was demoted without cause to HVAC technician in early 2018.

19. Mr. Guisbert, unlike other HVAC technicians, possesses a chlorofluorocarbons ("CFC") license, which is federally mandated by the Clean Air Act to work as an HVAC technician.

20. Mr. Guisbert is a third class certified engineer, which is an advanced certification within his trade.

21. Concurrent with Mr. Guisbert's demotion, a new building engineer was hired to replace Mr. Guisbert who is of a different race and younger than Mr. Guisbert.

22. Upon information and belief, the new building engineer does not possess the required or preferred licenses to work as an engineer.

23. Upon information and belief, the new building engineer was paid a higher wage than Mr. Guisbert had been.

24. Mr. Guisbert spoke with Manager of Engineering Najib Mohammed approximately four times concerning his demotion.  In these discussions, he told Mr. Mohammed, among other things, that older workers were treated less favorably than younger workers.

25. Mr. Guisbert was terminated on September 11, 2018 by Facilities Director Hootan Kaboli after he was accused of sleeping in the Convention Center command center.

26. On or about October or November 2018, an African American male HVAC technician, known only as "Malcolm," was found sleeping in the Convention Center command center.  Attached hereto as exhibit A is a photograph of the incident.

27. Upon information and belief Malcolm is less than 40 years of age.

28. Malcolm was responsible for the same tasks and duties as an HVAC technician as Mr. Guisbert was.

29. Malcolm was also required to work overnight shifts as Mr. Guisbert was.

30. Malcolm was also supervised by Najib Mohammed, Frances Tarpley, and Hootan Kaboli, as Mr. Guisbert was.

31. Upon information and belief, Malcolm did not have a CFC license.

32. Upon information and belief, Malcolm had numerous disciplinary actions in his record, including but not limited to, discipline related to tardiness and absence from work.

33. Supervisor of Engineering Frances Tarpley sent Mr. Kaboli a copy of the photograph of Malcolm sleeping.

34. Despite this evidence, Mr. Kaboli did not terminate Malcolm's employment after receiving the photograph and email.

35. Mr. Kaboli took no disciplinary action at all against Malcom for sleeping on the job.


**CAUSES OF ACTION**

**COUNT 1: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 *et seq*.**

36. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

37. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by the ADEA prohibiting discrimination on the basis of age.

38. But for Mr. Guisbert's age, he would not have been terminated from his employment by Defendant.

39. As a direct and proximate result of the Defendant's violation of the ADEA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

40. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

**COUNT 2: DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, *et seq*.**

41. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

42. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by Title VII prohibiting discrimination on the basis of race.

43. Mr. Guisbert was terminated in violation of Title VII based on his race.

44. As a direct and proximate result of the Defendant's violation of Title VII, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings,

investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

45. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

**COUNT 3: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF D.C. HUMAN RIGHTS CODE, D.C. Code § 2-1402.11**

46. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35, as though each and every allegation is fully set forth herein.

47. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by DCHRA prohibiting discrimination on the basis of age.

48. Mr. Guisbert's employment was terminated in violation of the D.C. Human Rights Act because the decision to terminate him was based, in whole or in part, on his age.

49. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

50. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits

and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

## COUNT 4: DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF D.C. HUMAN RIGHTS CODE, D.C. Code § 2-1402.11

51. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

52. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by DCHRA prohibiting discrimination on the basis of race.

53. Mr. Guisbert's employment was terminated in violation of the D.C. Human Rights Act because the decision to terminate him was based, in whole or in part, on his race.

54. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

55. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

## COUNT 5: RETAILIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(d)

56. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

57. Plaintiff engaged in protected activity within the meaning of the ADEA when he reported his grievances about the way older workers were treated to Mr. Mohammed, as alleged in paragraph 24.

58. Plaintiff's employment was terminated in violation of the ADEA because his termination was based on his opposition to a practice made unlawful by this Act.

59. As a direct and proximate result of the Defendant's violation of the ADEA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

60. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

## COUNT 6: RETAILIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, D.C. Code § 2-1402.11

61. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

62. Plaintiff engaged in protected activity within the meaning of the DCHRA when he reported his grievances about the way older workers were treated to Mr. Mohammed, as alleged in paragraph 24.

63. Plaintiff's employment was terminated in violation of the DCHRA because his termination was a result of his opposition to a practice made unlawful by this Act.

64. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among others, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

65. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

Dated: September 20, 2019                    Respectfully Submitted,

                                             ___/s/__Gary M. Gilbert_____

Gary M. Gilbert, Esq. (Bar No. MD15808)
*Attorneys for the Plaintiff*
Gilbert Employment Law, P.C.
1100 Wayne Ave., Ste. 900
Silver Spring, MD 201910
Tel.: (301) 608-0880; Fax: (301) 608-0881
gary-efile@gelawyer.com