IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GONZALO GUISBERT<br>149 Southdown Road<br>Edgewater, MD 21036<br><br>       Plaintiff,<br><br>       v.<br><br>WASHINGTON CONVENTION AND<br>SPORTS AUTHORITY t/a EVENTS DC<br>801 Mount Vernon Place NW<br>Washington, DC 20001<br><br>       Defendant. | Civil Action No.: 19-02838-TSC<br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br>February 5, 2020 |

**FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION
BASED ON AGE, RACE and RETALIATION**

Plaintiff Gonzalo Guisbert, by and through his undersigned attorneys, files this Complaint for declaratory, injunctive and monetary relief against his former employer, Washington Convention and Sports Authority t/a Events DC, to seek redress for Defendant's violations of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the District of Columbia Human Rights Act §§ 2-1401 *et seq*. ("DCHRA").

**JURISDICTION AND VENUE**

1. Jurisdiction over this matter arises under 28 U.S.C. § 1331 raising federal questions involving Title VII and the ADEA.

1

2. This Court maintains subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. This Court has jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c)(1) which incorporates Title VII 42 U.S.C. § 2000e.

4. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the District of Columbia and the DCHRA pursuant to 28 U.S.C. § 1367(a) because the claims are part of the same case or controversy as those arising under Title VII and the ADEA.

5. This Court is the proper venue pursuant to 28 U.S.C § 1391(b)(2) because all of the events and omissions giving rise to Plaintiff's claims occurred or failed to occur in the District of Columbia.

## PARTIES

6. At all times relevant to this Complaint, Plaintiff Gonzalo Guisbert (hereinafter "Plaintiff" or "Mr. Guisbert"), a Hispanic adult male, born September 19, 1957, and a resident of Maryland, was an employee of Defendant Washington Convention and Sports Authority t/a Events DC (hereafter "Defendant" or "Events DC") within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f), the Age Discrimination in Employment Act, 29 U.S.C. § 630(f), and District of Columbia Human Relations Act, D.C. Code § 2-1401.02.

7. Defendant Washington Convention and Sports Authority t/a Events DC (hereafter "Defendant" or "Events DC") was Mr. Guisbert's employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), the ADEA 29 U.S.C. § 630(b), and the DCHRA, D.C. Code § 2-1401.02.

8. At all times relevant to this Complaint, Defendant was and is an independent authority of the District of Columbia government and created pursuant to Washington Convention

Center Authority and D.C. Sports and Entertainment Commission Merger Amendment Act of 2009, D.C. Code § 10-1202.02.  At all times relevant to this Complaint, Defendant employed Mr. Guisbert in the District of Columbia, including the Washington Convention Center, located at 801 Mount Vernon Place NW, Washington, D.C. 20001.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted all administrative remedies as required before filing this action.

10. Mr. Guisbert filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on or about April 10, 2019 and selected "Discrimination Based On: (X) Race; (X) Retaliation" in his charge.  Attached hereto as Exhibit A, is a copy of that charge, which is incorporated herein by reference.

11. The EEOC issued Mr. Guisbert a Notice of Right to Sue dated June 27, 2019, which he received sometime thereafter.

12. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by Title VII, 42 U.S.C. § 2000e-5.

13. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by the ADEA, 29 U.S.C. §§ 626(d) and (e).

14. All conditions precedent to the filing of this lawsuit have been performed or have occurred as required by DCHRA.

15. At the times relevant to this Complaint, there existed work-sharing agreements between the Equal Employment Opportunity Commission ("EEOC") and the District of Columbia Office of Human Rights ("DCOHR") and state and federal law allow filing with one administrative agency to constitute filing with the other for the purposes of ultimately filing suit.

**FACTS**

16. Mr. Guisbert was employed by Defendant from on or about July 1983 until his employment was terminated on or about September 11, 2018.  He performed his work duties at the Washington Convention Center.

17. In his more than 35 years on the job for Defendant, Mr. Guisbert had never been disciplined in any way.

18. Mr. Guisbert was originally hired as a licensed building engineer, but was demoted without cause to HVAC (heating, ventilation and air conditioning) technician in early 2018.

19. Mr. Guisbert, unlike other HVAC technicians, possesses a chlorofluorocarbons ("CFC") license, which is federally mandated by the Clean Air Act to work as an HVAC technician.

20. Mr. Guisbert is a third class certified engineer, which is an advanced certification within his trade.

21. Following Mr. Guisbert's demotion, three new building engineers were hired.  All three were, at that time they were hired and still are, less than 40 years of age.  Mr. Guisbert was 61 years of age at the time of his demotion.

22. Upon information and belief, the new building engineers do not possess the required or preferred licenses to work as engineers.

23. Upon information and belief, the new building engineers have been paid a higher wage than Mr. Guisbert had been.

24. Mr. Guisbert, in early 2018 and in August 2018, spoke with Manager of Engineering Najib Mohammed concerning his demotion, as well as the fact that older workers were treated less favorably than younger workers and were being fired or forced to quit or retire.

25. Mr. Guisbert also spoke to Eric Sidberry, his first-level supervisor, in approximately June 2018 about mistreatment of and efforts to push out older workers, and that older workers were being fired or forced to quit.

26. Mr. Guisbert spoke to Frances Tarpley, another supervisor, about mistreatment of and efforts to fire or force older workers to retire or quit, in approximately July 2018.

27. In approximately July 2018, at a meeting with engineers, electricians, HVAC technicians, as well as Vice President of Facility Operations and Services Hootan Kaboli, Monica Bullock, Deputy Chief, Human Resources, and Mitsy Oratokhai, Chief People Officer, Mr. Guisbert again stated that older workers were being treated less favorably than younger workers and were being fired or forced to retire or quit.

28. Mr. Guisbert again raised his concerns about older workers being treated less favorably than younger workers and that older workers were being forced to retire or quit with Mr. Mohammed in approximately mid-August 2018; and yet again in approximately the last week of August 2018.

29. Mr. Guisbert's employment with Defendant was terminated on September 11, 2018 for allegedly sleeping on the job. He was notified by Facilities Director Hootan Kaboli.

30. In approximately October or November 2018, an African American male known only as Malcolm, who was at time, and still is, less than 40 years of age (and at least 20 years younger than Mr. Guisbert)," was found sleeping in the Convention Center command center.

31. Malcolm was responsible for the same tasks and duties as Mr. Guisbert was.

32. Malcolm was frequently tardy and absent from work.

33. Malcolm, however, was never disciplined for tardiness, absence, or sleeping on the job.

5

34. Supervisor Frances Tarpley sent Mr. Kaboli a copy of the photograph of Malcolm sleeping on the job.

35. Neither Mr. Kaboli, nor any other authorized person, terminated Malcolm's employment or otherwise disciplined him. In fact, following his receipt of the photograph, Mr. Kaboli instructed employees that they were not to take photographs in the workplace.

## CAUSES OF ACTION

### COUNT 1: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 *et seq*.

36. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

37. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by the ADEA prohibiting discrimination on the basis of age.

38. Based on is age Mr. Guisbert's was terminated from his employment by Defendant.

39. As a direct and proximate result of the Defendant's violation of the ADEA, Mr. Guisbert suffered, among other things, lost wages and earnings , lost benefits, and lost interest on wages and earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

40. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

### COUNT 2: DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, *et seq*.

41. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

42. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by Title VII prohibiting discrimination on the basis of race.

43. Mr. Guisbert was terminated in violation of Title VII based on his race.

44. As a direct and proximate result of the Defendant's violation of Title VII, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

45. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

### COUNT 3: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF D.C. HUMAN RIGHTS CODE, D.C. Code § 2-1402.11

46. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35, as though each and every allegation is fully set forth herein.

47. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by DCHRA prohibiting discrimination on the basis of age.

48. Mr. Guisbert's employment was terminated in violation of the D.C. Human Rights Act because the decision to terminate him was based, in whole or in part, on his age.

49. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

50. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

**COUNT 4: DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF D.C. HUMAN RIGHTS CODE, D.C. Code § 2-1402.11**

51. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

52. At all times material to this Complaint, Plaintiff was a member of the class of persons protected by DCHRA prohibiting discrimination on the basis of race.

53. Mr. Guisbert's employment was terminated in violation of the D.C. Human Rights Act because the decision to terminate him was based, in whole or in part, on his race.

54. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

55. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

**COUNT 5: RETAILIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(d)**

56. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

57. Plaintiff engaged in protected activity within the meaning of the ADEA when he reported his concerns about the way older workers were treated and otherwise expressed his opposition to discrimination to Defendant's managers and supervisors including Supervisors Mohammed, Sidberry and Tarpley, Director Kaboli, Deputy Chief of Human Resources Bullock,, and Chief People Officer Mitsy Oratokhai.

58. Plaintiff's employment was terminated in violation of the ADEA because his termination was based on engaging in protected activity and/or his opposition to a practice(s) made unlawful by this Act.

59. As a direct and proximate result of the Defendant's violation of the ADEA, Mr. Guisbert suffered, among other things, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

60. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his

position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial; award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

### COUNT 6: RETAILIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, D.C. Code § 2-1402.11

61. Plaintiff re-alleges and incorporates the allegations set forth including, but not limited to, paragraphs 16-35 as though each and every allegation is fully set forth herein.

62. Plaintiff engaged in protected activity within the meaning of the DCHRA when he reported his concerns about the way older workers were treated and otherwise expressed his opposition to discrimination to Defendant's managers and supervisors including Supervisors Mohammed, Sidberry and Tarpley, Director Kaboli, Deputy Chief of Human Resources Bullock,, and Chief People Officer Mitsy Oratokhai.

63. Plaintiff's employment was terminated in violation of the DCHRA because his termination was in whole or in part based on engaging in protected activity and/or his opposition to a practice(s) made unlawful by this Act.

64. As a direct and proximate result of the Defendant's violation of the DCHRA, Mr. Guisbert suffered, among others, lost wages, lost benefits, and lost interest on earnings, investment opportunities, and retirement benefits; mental anguish, anxiety, inconvenience, and humiliation.

65. Mr. Guisbert prays this Court grant judgment in his favor against Defendant; grant him declaratory and injunctive relief, including but not limited to reinstating Mr. Guisbert to his position with the Defendant; award him back pay, to compensate him for lost benefits and otherwise make him whole; award him compensatory damages in an amount to be shown at trial;

award him reimbursement of the attorneys' fees and costs he has expended in bringing and litigating this matter; and grant him such other and further relief as justice may require.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

    Respectfully Submitted,

    /s/ Thomas J. Gagliardo

    D.C. Bar No. 192575

    *Attorney for the Plaintiff*
    Gilbert Employment Law, P.C.
    1100 Wayne Ave., Ste. 900
    Silver Spring, MD 201910
    Tel.: (301) 608-0880; Fax: (301) 608-0881
    tgagliardo-efile@gelawyer.com

Dated: February 5, 2020

Case 1:19-cv-02838-TSC Document 51 Filed 02/05/20 Page 12 of 14
Case 1:19-cv-02838-TSC Document 51 Filed 01/08/20 Page 13 of 14

Apr. 17. 2019  9:32AM                                                                    No. 4129   P. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>Amended<br>570-2019-01388 |
|---|---|---|

D.C. Office Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Gonzalo Guisbert | Home Phone (Incl. Area Code) | Date of Birth<br>1957 |
|---|---|---|

Street Address: 149 Southdown Road, Edgewater, MD 21037

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>WASHINGTON CONVENTION CENTER | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(202) 240-3000 |
|---|---|---|

Street Address: 801 MT Vernon Place, Washington, DC 20001

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-11-2018   Latest: 09-11-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above-named employer in July 1983, as a Building Engineer. In September 2018, I was accused of violating a company policy. On September 11, 2018, my employment was terminated.

The Facilities Manager stated that I was allowed to resign in lieu of termination, however I did not resign. I am also aware of a black male that was accused of sleeping on the job and the individual was not terminated.

I believe that my employment was terminated based on my race, age (60), and retaliation for participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 10, 2019
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A

Apr. 17. 2019  9:33AM                                                                                      No. 4129    P. 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT A**

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of FEBRUARY 2020 a copy of the foregoing First Amended Complaint was sent via this Court's ECF system to:

Jocelyn R. Cuttino
Attorney for Defendant Washington Convention and Sports Authority

                                          /s/
Sam Disario, Paralegal
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881