UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GONZALO GUISBERT**, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 19-cv-2838 (TSC) |
| **WASHINGTON CONVENTION AND SPORTS AUTHORITY t/a EVENTS DC** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Gonzalo Guisbert brings this employment discrimination action against Defendant Washington Convention and Sports Authority under Title VII, the Age Discrimination in Employment Act (ADEA), and the D.C. Human Rights Act (DCHRA). Guisbert alleges discrimination based on age and race, and age-based retaliation. (ECF No. 8, Am. Compl.) Defendant moves to dismiss the retaliation claims (Count V and VI) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11, Mot. to Dismiss.) For the reasons set forth below, the court will DENY Defendant's Motion to Dismiss.

### I.   BACKGROUND

Washington Convention and Sports Authority, called Events DC, is an independent authority of the D.C. Government. (Am. Compl. ¶ 8.) Events DC hired Guisbert, a Hispanic man, as a licensed building engineer in 1983, and he worked there for more than thirty-five years. (*Id.* ¶¶ 6, 17–20.) Guisbert alleges that, despite having a spotless disciplinary record, he was demoted without cause to an HVAC (heating, ventilation, and air conditioning) technician in early 2018. (*Id.* ¶¶ 17–18.) On September 11, 2018, Events DC terminated Guisbert for sleeping on

1

the job in violation of company policy.  (*Id.* ¶ 29; ECF No. 14-1, EEOC Charge.)  Guisbert alleges he was notified by manager Hootan Kaboli, who had the authority to terminate employees.  (Am. Compl. ¶¶ 29, 35.)  Guisbert claims that Events DC did not terminate a similarly positioned employee, a Black man under the age of 40, for sleeping on the job, despite the fact that he had a lengthy disciplinary record.  (*Id.* ¶¶ 30, 32–34.)

On April 10, 2019, Guisbert, with the help of an EEOC employee, filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).  (*Id.* ¶ 10.)  On the charge form, Guisbert checked the boxes next to age, race, and retaliation, and alleged:

> I was hired by the above-named employer in July 1983, as a Building Engineer.  In September 2018, I was accused of violating a company policy.  On September 11, 2018, my employment was terminated.  The Facilities Manager stated that I was allowed to resign in lieu of termination, however I did not resign.  I am also aware of a black male that was accused of sleeping on the job and the individual was not terminated.  I believe that my employment was terminated based on my race, age (60), and retaliation for participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in employment Act of 1967, as amended.

(EEOC Charge at 1.)

On September 20, 2019, after receiving a right to sue letter dated June 27, 2019, Guisbert filed this lawsuit.  (Am. Compl. ¶ 11.)  He alleges discrimination based on age (Counts I and III) and race (Counts II and IV), and age-based retaliation (Counts V and VI), in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and the DCHRA, D.C. Code §§ 2-1401 *et seq.*  (Am. Compl.)  Events DC moves to dismiss the age-based retaliation claims (Counts V and VI) for failure to state a claim.  (Mot. to Dismiss.)

II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The court

does not assess the truth of what is asserted nor "whether a plaintiff has any evidence to back up what is in the complaint." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and move plaintiff's claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). Facts that are "merely consistent" with a defendant's liability do not meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (citation omitted).

"Courts in this Circuit 'have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive . . . a motion to dismiss.'" *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (quoting *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011)). A plaintiff need not "plead every fact necessary to establish a prima facie case to survive a motion to dismiss." *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citation omitted); *see also Farrar v. Wilkie*, No. 18-cv-1585, 2019 WL 3037869, at *2 (D.D.C. July 11, 2019) (emphasizing low bar to overcome motion to dismiss on discrimination claim (citing *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161–62 (D.C. Cir. 2015))). Nonetheless, a plaintiff must allege sufficient facts "about 'what . . . [,] who . . . [,] and how' that make such a claim plausible." *Farrar*, 2019 WL 3037869, at *2 (quoting *Arnold v. Speer*, 251 F. Supp. 3d 269, 273 (D.D.C. 2017) (brackets and ellipses in original); *see also Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015) (explaining that, while a

3

plaintiff need not plead a prima facie case on a motion to dismiss, a plaintiff who does so necessarily also alleges sufficient facts to state a plausible claim for relief).

The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). This presumption does not apply, however, to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (declining to "accept as true . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged").

### III.  ANALYSIS

Events DC argues that Guisbert's age-based retaliation claims fail because he has not alleged a causal connection between his alleged protected activity and his termination. (ECF No. 11-1, Def. Br., at 7–9.) It also argues that Guisbert failed to exhaust his administrative remedies before bringing his claim under the ADEA and that his DCHRA claim is time barred. (*Id.* at 9–12.)

### A.  Stating a Claim (Counts V & VI)

To state a claim of age-based retaliation under either the ADEA or the DCHRA, plaintiffs must allege that they engaged in a statutorily protected activity, that their employer treated them adversely, and that a causal connection existed between the two. *Winston v. Clough*, 712 F. Supp. 2d 1, 11 (D.D.C. 2010) (citing *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007)); *see also Murphy v. District of Columbia*, 390 F. Supp. 3d 59, 72 (D.D.C. 2019) (analyzing DCHRA retaliation claims under same legal framework as federal retaliation claims). Temporal

4

proximity can support an inference of causation, "but only where the two events are very close in time." *Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007) (internal quotation marks omitted). However, "[t]emporal proximity is not required to state a retaliation claim, as it 'neither demonstrates causality conclusively, nor eliminates it conclusively.'" *Bartlette v. Hyatt Regency*, 208 F. Supp. 3d 311, 323 (D.D.C. 2016) (quoting *Bryant v. Pepco*, 730 F. Supp. 2d 25, 32 (D.D.C. 2010)). On a motion to dismiss, it is sufficient for plaintiffs to "plead causation simply by alleging that the adverse actions were caused by [their] protected activity." *Bartlette*, 208 F. Supp. 3d at 323 (internal quotation marks and citation omitted); *see also Menoken v. McGettigan*, 273 F. Supp. 3d 188, 202 (D.D.C. 2017) (holding that plaintiff stated a retaliation claim without pleading temporal proximity).

Events DC argues that Guisbert fails to state a retaliation claim under both the ADEA and DCHRA because he does not allege that he engaged in protected activity. (Def. Br. at 7.) In his original complaint, Guisbert alleged that he engaged in protected activity on four separate occasions in 2018 when he spoke to the Manager of Engineering, Najib Mohammed about Guisbert's demotion and the less favorable treatment of older workers. (ECF No. 1, Compl. ¶ 24.) In his Amended Complaint, he alleges that he reported age-based discrimination on six separate occasions in 2018: to Mohammed early in the year; in June to his immediate supervisor, Eric Sidberry; in July to another supervisor, Frances Tarpley; at a July meeting with managers Hootan Kaboli, Monica Bullock, and Mitsy Oratokhai; and again to Mohammed twice in mid-to-late August. (Am. Compl. ¶¶ 24–28.)

Events DC contends the court should disregard Guisbert's new allegations of protected activity (*see* Am. Compl. ¶¶ 24–28), which paint a clearer temporal picture, because they contradict the allegations made in both the original complaint (*see* Compl. ¶ 24) and the EEOC

charge. (Def. Br. at 8–9). While plaintiffs "may not plead facts in their amended complaint that contradict those in their original complaint . . . reconcilable small variations between the complaints are acceptable." *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013) (internal quotation marks omitted), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015). Although Guisbert's new allegations expand on those in his original complaint, they do not contradict them. *See, e.g.*, *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 373 (D.D.C. 2018) (finding that additional allegations of protected activity did not contradict original allegations). Accordingly, the court will consider the new allegations and finds that Guisbert has sufficiently pleaded that he engaged in protected activity by detailing numerous reports to management of age-based discrimination. (Am. Compl. ¶¶ 24–28.)

Next, Events DC contends that Guisbert has not pleaded a cause of action because he has not alleged facts suggesting that the stated reason for his termination, sleeping on the job, was pretext for retaliation. (Def. Br. at 7.) But a plaintiff need not plead pretext to state a claim. *See, e.g.*, *Golden*, 319 F. Supp. 3d at 374–75 (finding plaintiff not required at motion to dismiss stage to plead pretext or allegations of employer's knowledge of protected activity). Guisbert need only plead sufficient factual information to show that he engaged in a protected activity by reporting incidents of age-based discrimination, that Events DC terminated him, and that the latter was in reprisal for the former. *See Winston*, 712 F. Supp. 2d at 11. Guisbert alleges that in more than 35 years with Events DC, he received disciplinary action only after he reported age-based discrimination for a sustained period of time. (Am. Compl. ¶¶ 17, 57–58, 62–63.)

Finally, Events DC contends that Guisbert has not pleaded causation because he has not alleged facts suggesting that the person who decided to terminate him knew about Guisbert's protected activity. (Def. Br. at 8–9.) However, Guisbert pleads a theory of causation based on

6

temporal proximity because he claims he reported age-based discrimination to Mohammed as late as the last week of August 2018, less than one month before his termination. (*Id.* ¶ 28.) This relatively brief period is sufficient to support an inference of causation at this stage. *See, e.g.*, *Keys v. Donovan*, 37 F. Supp. 3d 368, 373 (D.D.C. 2014) (holding that three-month interval between protected activity and alleged retaliation "just clear[ed] the bar"); *cf. McNair*, 213 F. Supp. 3d at 89–90 (rejecting claim where more than three years had elapsed between protected activity and alleged retaliation).

Accordingly, the court finds that Guisbert has stated a retaliation claim under the ADEA and the DCHRA.

**B.** **Exhaustion of Administrative Remedies (Count V)**

Events DC argues that Guisbert's ADEA retaliation claim is outside the scope of the EEOC charge and is therefore barred for failure to exhaust administrative remedies. (Def. Br. at 9–11.) Plaintiffs filing suit under the ADEA must first file a charge with the EEOC. 29 U.S.C. § 626(d)(1)(A)–(B); *see also Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019). The exhaustion requirement serves the dual purpose of "'protect[ing] administrative agency authority' by allowing the agency to correct its own mistakes and by discouraging disregard of its procedures, and . . . 'promot[ing] efficiency' by building a useful record for judicial review and, in some cases, eliminating the need for judicial review altogether." *Morris v. McCarthy*, 825 F.3d 658, 667 (D.C. Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). Although exhaustion is not a "mere technicality," it is not meant to impose a "heavy technical burden" on claimants "untrained in negotiating procedural labyrinths." *Rush v. Fed. Nat'l Mortg. Ass'n*, 208 F. Supp. 3d 1, 9 (D.D.C. 2016), *aff'd*, 707 F. App'x 9 (D.C. Cir. 2017). Thus, while plaintiffs generally can bring only claims that "were actually part of the

administrative charge," they also may bring claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Haynes*, 924 F.3d at 526. "Reasonably related" claims must at least "arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination" to give the agency notice and an opportunity to resolve the claims administratively. *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (internal quotation marks omitted).

The record indicates that Guisbert exhausted his administrative remedies. *See* 29 U.S.C. § 626(d)(1)(A)–(B); *Haynes*, 924 F.3d at 526. On the EEOC charge form, he checked the box for retaliation and stated that he believes he was terminated in retaliation for his participation in a protected activity, in violation of Title VII and the ADEA. (EEOC Charge at 1 ("I believe that my employment was terminated based on my race, age (60), and retaliation for participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in employment Act of 1967, as amended.").) The connection between Guisbert's assertion of reprisal and his explicit mention of the ADEA was enough to give Events DC notice of an age-based retaliation claim and an opportunity to resolve it administratively. *See Payne*, 619 F.3d at 65. Accordingly, Guisbert exhausted his administrative remedies for the ADEA retaliation claim.

**C.     Statute of Limitations (Count VI)**

Events DC further contends that Guisbert's DCHRA retaliation claim is time barred. (Def. Br. at 11–12.) Plaintiffs must file suit under the DCHRA "within one year of the unlawful discriminatory act, or the discovery thereof." D.C. Code § 2-1403.16(a); *see also Haynes*, 924 F.3d at 524. However, the DCHRA contains a tolling provision under which the "timely filing of a complaint" with the D.C. Office of Human Rights (DCOHR) "toll[s] the running of the

statute of limitations while the complaint is pending." D.C. Code § 2-1403.16(a). This tolling provision also applies pursuant to a work-sharing agreement between the EEOC and DCOHR to administrative complaints timely filed with the EEOC. *Alexander v. Washington Metro. Area Transit Auth.*, 826 F.3d 544, 551 (D.C. Cir. 2016); *see also McFadden v. Washington Metro. Area Transit Auth.*, 204 F. Supp. 3d 134, 142–43 (D.D.C. 2016) (tolling limitations period until EEOC issued right to sue letter).

Guisbert cross-filed his EEOC charge with the DCOHR on April 10, 2019, approximately 211 days after his termination. (EEOC Charge.) This cross-filing tolled the statute of limitations while Guisbert's administrative complaint was pending. *See* D.C. Code § 2-1403.16(a); *Alexander*, 826 F.3d at 551. Guisbert then timely filed this lawsuit 85 days after the EEOC issued him a right to sue letter. Because Guisbert's timely cross-filing of the EEOC charge tolled the statute of limitations, the DCHRA retaliation claim is not time barred. *See* D.C. Code § 2-1403.16(a); *Alexander*, 826 F.3d at 551.

### IV.  CONCLUSION

For the reasons stated above, this court will DENY Defendant's motion to dismiss. A corresponding Order will issue separately.

Date: September 29, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

9